# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Bayview Loan Servicing, LLC, et al., <br><br> Plaintiffs <br><br> v. <br><br> Shadow Springs Community Association, et al, <br><br> Defendants <br><br> ALL OTHER CLAIMS AND PARTIES | Case No.: 2:16-cv-02677-JAD-DJA <br><br> **Order Granting Summary Judgment in Favor of Plaintiffs Based on Federal Foreclosure Bar, Dismissing Remaining Claims, and Denying Remaining Motions as Moot** <br><br> [ECF Nos. 48, 61, 70] |

Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes a first deed of trust. But when that deed of trust belongs to government-sponsored lender Freddie Mac, and the foreclosure sale occurs while Freddie Mac is under the conservatorship of the Federal Housing Finance Agency (FHFA) and without that agency's consent, federal law shields that security interest from extinguishment. That shield is known as the Federal Foreclosure Bar.

Freddie Mac and its loan servicer Bayview Loan Servicing, LLC bring this quiet-title action to determine the effect of a 2013 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a home.[1] Because plaintiffs have shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant summary judgment in their favor and close this case.

---

[1] This is but one of hundreds of similar cases between lenders and HOA-foreclosure-sale purchasers that have inundated this district.

**Background**

The Federal Home Loan Mortgage Corporation, better known as Freddie Mac, which has been under the conservatorship of the FHFA since 2008,[2] purchased the mortgage on the home located at 6364 Glenolden Street in North Las Vegas, Nevada in 2005, along with the deed of trust that secures it.[3] The deed of trust has been assigned several times to various nominees acting as Freddie Mac's loan-servicing agents.[4] Bayview currently services the loan and has since August 11, 2015; before that, the loan was serviced by Bank of America.[5] The home is located in the Shadow Springs common-interest community and subject to its homeowners' association's covenants, conditions, and restrictions (CC&Rs), which require the owners of property within this planned development to pay assessments.[6]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien against residential property for certain delinquent assessments and established in Chapter 116 of the Nevada Revised Statutes a nonjudicial foreclosure procedure for HOAs to enforce that lien.[7] When the owner of this Glenolden Street home, Cesar Gomez, fell behind on his assessments,

---

[2] I take judicial notice of this well-known fact, which no party disputes.
[3] ECF No. 61-2 at 4, ¶ 5(d).
[4] *Id*. at 4–5, ¶¶ 5(g) & (h).
[5] *Id.*
[6] ECF No. 61-1 at 18 (planned-unit-development rider).
[7] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev. 2014).

the Shadow Springs HOA sold it to the 6364 Glenolden Street Trust in such a nonjudicial foreclosure sale on November 20, 2013.[8] The sale recorded six days later.[9]

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[10] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[11] This safeguard is contained in the Housing and Economic Recovery Act (HERA, codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008, established the FHFA and placed Freddie Mac under that agency's conservatorship.[12] Under HERA's Federal Foreclosure Bar, when Freddie Mac is the beneficiary of the deed of trust at the time of the foreclosure sale and Freddie Mac is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquished that interest.[13]

Freddie Mac and Bayview sue the foreclosure-sale purchaser Trust, the Shadow Springs Community Association (the HOA), and the HOA's foreclosure agent, Red Rock Financial

---

[8] ECF No. 61-10 (foreclosure deed); ECF No. 61-7 (Notice of Default and Election to Sell); ECF No. 61-9 (Notice of Trustee's Sale). I take judicial notice of all recorded documents in the record.

[9] ECF No. 61-10 at 2.

[10] *SFR I*, 334 P.3d at 419.

[11] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[12] *Berezovsky*, 869 F.3d at 925.

[13] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

3

Services.[14] They plead declaratory-relief and quiet-title claims under three theories, asserting that the Federal Foreclosure Bar or the tender of the full superpriority portion of the HOA's lien by Bayview's predecessor servicer BAC Home Loans Servicing prevented the foreclosure sale from extinguishing the deed of trust and, alternatively, that Nevada's HOA lien-foreclosure scheme was unconstitutional as the Ninth Circuit held in *Bourne Valley Court Trust v. Wells Fargo*.[15] Plaintiffs also plead alternative claims for breach of NRS 116.1113 and wrongful foreclosure that are conditioned on the failure of their quiet-title claims, and a claim for injunctive relief during the pendency of this case. I find that the declaratory-relief and quiet-title claims are all the type of claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[16] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[17]

The Trust counterclaims against Bayview, seeking a *Shadow Wood*-type declaration that the deed of trust was extinguished and preventing Bayview from selling or transferring the

---

[14] ECF No. 26 (amended complaint).

[15] *Bourne Valley Court Trust v. Wells Fargo Bank*, 832 F.3d 1154 (9th Cir. 2016).

[16] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[17] *Id*. at 1112.

4

property.[18] The HOA crossclaims against Red Rock for indemnity, contribution, and breach of contract.[19]

Discovery has closed,[20] and plaintiffs move for summary judgment, arguing that the Federal Foreclosure Bar and Bank of America's pre-foreclosure tender of the full superiority portion of the HOA's lien saved Freddie Mac's deed of trust on this property from extinguishment.[21] The Trust opposes that motion.[22] The HOA, joined by Red Rock,[23] moves both to dismiss plaintiffs' claims against it[24] and for summary judgment in its favor[25] on those claims. Because I find that the plaintiffs are entitled to summary judgment on the quiet-title claims under a Federal Foreclosure Bar theory, I enter judgment in their favor on that theory, declare that the foreclosure sale did not extinguish the deed of trust, and dismiss all remaining claims and deny the HOA's motions as moot.

## Discussion

**A.   Summary-judgment standard**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a

---

[18] ECF No. 47 (Trust's counterclaim).

[19] ECF No. 23. Although Red Rock's response to the HOA's crossclaim is entitled "Response . . and Counter Cross-claim," the document contains no crossclaims by Red Rock. *See* ECF No. 28.

[20] ECF No. 58.

[21] ECF No. 61.

[22] ECF No. 63.

[23] ECF Nos. 50, 71.

[24] ECF No. 48.

[25] ECF No. 70.

matter of law."[26] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[27] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[28] If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[29] "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[30]

**B.     The Federal Foreclosure Bar saved the deed of trust from extinguishment.**

In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[31] preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust while this lender is under the FHFA's conservatorship. The question here is whether plaintiffs have shown that a Freddie Mac interest in this property was protected from the legal effect of NRS 116.3116 by the Federal Foreclosure Bar. The record supports that conclusion, leaving no genuine issue of material fact.

---

[26] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed R. Civ. P. 56(c)).

[27] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[28] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[29] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[30] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

[31] *Berezovsky*, 869 F.3d at 931.

### 1. *The record establishes that Freddie Mac owned the deed of trust at the time of the foreclosure sale.*

There is no dispute that Freddie Mac was under the FHFA's conservatorship at the time of the 2013 foreclosure sale. But the Trust challenges whether plaintiffs have established that the deed of trust belonged to Freddie Mac at the time of the foreclosure sale and that Bayview is the servicer. The Trust argues that the deed of trust made it clear that MERS was the nominee of "the Lender," who was KB Home Mortgage Company, and its successors and assigns. And even if Freddie Mac purchased the loan and deed of trust in August 2005 and MERS was its agent, MERS transferred that interest away to BAC Home Loans Servicing in 2010.[32] So it was BAC, not Freddie Mac, who owned the deed of trust at the time of the foreclosure sale, thus the Federal Foreclosure Bar could not apply.[33]

Plaintiffs offer the declaration of Freddie Mac's Director of Loss Mitigation, Dean Meyer, and corroborating documents to show that Freddie Mac had a valid and enforceable deed of trust on the property at the time of the sale. That declaration establishes that Freddie Mac purchased the loan and deed of trust on or about August 8, 2005, and has owned the loan ever since.[34] It further establishes that, at the time of the foreclosure sale, Bank of America was servicing the loan under the terms of Freddie Mac's Single-Family Seller/Servicer Guide "on behalf of Freddie Mac from on or about August 8, 2005[,] when Freddie Mac purchased the Loan until July 16, 2015[,] when servicing of the Loan was transferred from" Bank of America

---

[32] ECF No. 63 at 8–9.

[33] *Id*. at 9.

[34] ECF No. 61-2 at ¶ 5.

7

to Bayview.[35] The corroborating documents include printouts of computer records,[36] which Meyer explains in detail, and relevant portions of Freddie Mac's publicly available Servicer Guide.[37]

I find that Meyer's declaration sufficiently establishes his familiarity with Freddie Mac's recordkeeping system and the authenticity of the printouts and Guide to lay the foundation required by Federal Rule of Evidence 902(11). And it establishes—with no contradictory evidence from the purchaser—that the security interest on this property belonged to Freddie Mac at the time of the 2013 foreclosure sale, as it does today. Although the deed of trust is held in Bayview's name,[38] Freddie Mac's documents (including the Guide) show that Bayview is merely its agent for loan-servicing purposes and that the beneficial interest belongs to Freddie Mac.[39] The Nevada Supreme Court found a similar record sufficient to support summary judgment in favor of Freddie Mac based on the Federal Foreclosure Bar earlier this year in *Daisy Trust v. Wells Fargo Bank, N.A.*[40] And the Ninth Circuit reached the same conclusion on near-identical records in *Berezovsky* and *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*.[41]

---

[35] *Id.* at ¶ 5(i).

[36] *Id.* at 8–21.

[37] *Id.* at 23–130.

[38] ECF No. 61-4 (assignment from BAC Home Loans Servicing LP to Bayview).

[39] *See also Berezovsky*, 869 F.3d at 932 (recognizing that "Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent," and concluding that "[a]lthough the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under Nevada law").

[40] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850–51 (Nev. 2019).

[41] *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) ("The district court based its finding that an Enterprise had an interest in each Property on the fact that, in each case, a servicer acquired a

### 2. *Freddie Mac's failure to record its interest is inconsequential here.*

The Trust next contends that the deed of trust had to have been recorded in Freddie Mac's name for plaintiffs to assert the Federal Foreclosure Bar "because NRS 106.210 required all such assignments to be recorded in order to be enforceable."[42] It was not until 2011 that NRS 106.210 was amended to state that assignments of beneficial interests under deeds of trust "must"—instead of "may"—be recorded.[43] In doing so, the Nevada Legislature made it clear that this new version "appl[ies] only to an assignment . . . of the beneficial interest under a deed of trust, which is made on or after July 1, 2011."[44] Because Freddie Mac acquired its interest in this property in 2005, NRS 106.210 does not preclude plaintiffs from enforcing that unrecorded interest.

The notion that Freddie Mac's failure to record its interest renders it unenforceable against the foreclosure-sale purchaser was also expressly rejected in *Daisy Trust*. Like the Trust here, the purchaser in *Daisy Trust* argued "that Nevada's recording statutes required Freddie Mac

---

beneficial interest in the respective Property's deed of trust, and serviced the respective mortgage loan on behalf of one of the Enterprises. Each acquisition of a Property's deed of trust by a servicer occurred on a date prior to the respective HOA foreclosure sale. The district court thus found that FHFA, which succeeded to the Enterprises' assets per HERA, held an interest in the Properties prior to the sales. Accordingly, the named beneficiary under the recorded deed of trust in each case is someone other than the note owner, one of the Enterprises.").

[42] ECF No. 63 at 9.

[43] *See* 2011 Nev. Stat., ch 81, § 14.5 (A.B. 284); *Daisy Trust*, 445 P.3d at 849 (discussing statutory history of NRS 106.210(1)). Plus, the *Daisy Trust* court further found that even if the current version of the statute or NRS 111.325 applied, these statutes would have no effect "because there is no requirement that the beneficial interest in the deed of trust needed to be 'assigned' or 'conveyed' to Freddie Mac in order for Freddie Mac to acquire ownership of the loan." *Id*.

[44] *Id*. The Trust's bald argument that the amended version of this statute is not restricted to mortgages assigned after this effective date, *see* ECF No. 63 at 10, is belied by the legislative history of the statute.

9

to record its interest in the loan."[45] But the Nevada Supreme Court disagreed. It reasoned that, under Nevada precedent, a "deed of trust [need not] be 'assigned' or 'conveyed' to Freddie Mac in order for Freddie Mac to own the secured loan," as long as "the record deed of trust beneficiary is in an agency relationship with" Freddie Mac.[46] So "Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing [that] interest."[47] Because Nevada law recognizes that it is an acceptable practice for a loan servicer to serve as the beneficiary of record for the actual deed-of-trust beneficiary, and plaintiffs have shown that BAC was in an agency relationship with Freddie Mac at the time of the foreclosure sale,[48] it is inconsequential that Freddie Mac's interest is not reflected in the official record.[49]

Nor can the purchaser invoke the statute of frauds to preclude plaintiffs from enforcing Freddie Mac's interest.[50] "The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest."[51] The Trust, "as a stranger to" the transfer of the loan and deed of trust, "is without standing" to invoke that defense.[52]

### 3. *There is no evidence that the FHFA consented to extinguish the deed of trust.*

---

[45] *Daisy Trust*, 445 P.3d at 849.

[46] *Id.* (citing *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259–60 (Nev. 2012); *In re Montierth*, 354 P.3d 648, 650–51 (Nev. 2015)).

[47] *Id.*

[48] ECF No. 61-2 at ¶ 5(g)–(i).

[49] *See also Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d at 1150 ("HERA does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship.").

[50] ECF No. 63 at 11.

[51] *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963).

[52] *Id.*

There is also no material issue of fact that the FHFA did not consent to wiping out Freddie Mac's deed-of-trust interest through this foreclosure. The FHFA issued a statement dated April 21, 2015, "confirm[ing] that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens."[53] The Trust offers no evidence to suggest that the agency did consent. Instead, it argues that this agency statement is unauthenticated, inadmissible hearsay.[54] But courts may take judicial notice of records like this on government websites,[55] the statement is also admissible under the public-records exception to the hearsay rule,[56] and it is self-authenticating because it can be verified by visiting the FHFA's website.[57] With this statement, plaintiffs have met their burden to show that they can prove lack of consent at trial.[58]

---

[53] ECF No. 61-11 at 2; https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, last visited 11/20/19.

[54] ECF No. 63 at 12.

[55] *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (noting that court may take judicial notice of information made publicly available by a government entity when the authenticity of the web site and accuracy of the information displayed is not in dispute).

[56] Fed. R. Evid. 803(8).

[57] Fed. R. Evid. 901; *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself").

[58] The Trust's assertion that only admissible evidence can be considered at summary judgment is based on an outdated standard. *See* ECF No. 63 at 12 (citing a 1969 decision for this proposition). The 2010 amendment to Federal Rule of Civil Procedure 56 "eliminate[d] the unequivocal requirement" that evidence must be admissible in its present *form* in order to be considered at summary judgment. *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016) (unpublished). The rule now mandates that the *substance* of the proffered evidence be admissible at trial. *Id.*; *see also* Fed. R. Civ. P. 56 advisory comm. note to 2010 amendment; *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017); *Fraternal Order of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016); *Humphreys & Partners Architects, LP v. Lessard Design, Inc*, 790 F.3d 532, 538 (4th Cir. 2015); *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012).

The Trust also contends that it is "entitled to the benefit" of the presumptions in NRS 47.250(16)–(18) that the law was obeyed in the course of this foreclosure sale, and because the Federal Foreclosure Bar required consent to extinguish the deed of trust, it should be rebuttably presumed that such consent was given.[59] But the Trust's argument ignores how the consent requirement works. As the Ninth Circuit explained in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*, "the bar on foreclosure sales lacking [the] FHFA's consents applies by default."[60] Based on this feature of the Federal Foreclosure Bar, the Nevada Supreme Court and the Ninth Circuit have expressly rejected the notion that inaction can be construed as consent.[61] Because this federal statutory language specifically "cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it," generally applicable state presumptions cannot stand in for that consent.[62]

### 4. *The Ninth Circuit has held that the Federal Foreclosure Bar does not violate HOA foreclosure-sale purchasers' due-process rights.*

Next, the Trust contends that the Federal Foreclosure Bar "is unconstitutional because it Lacks a process to request consent or an opportunity to contest" the FHFA's decision.[63] The Ninth Circuit expressly rejected this argument in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC* because any theoretical injury would befall the foreclosing HOA, not the purchaser:

---

[59] ECF No. 63 at 12.

[60] *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d at 1149.

[61] *See, e.g.*, *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018); *Berezovsky*, 869 F.3d at 929.

[62] *Berezovsky*, 869 F.3d at 929–30.

[63] ECF No. 63.

12

> [The purchaser SFR Investments Pool 1, LLC] argues that it was deprived of due process because the Federal Foreclosure Bar lacks integral procedural protections, such as the ability to obtain consent to the HOA sales from FHFA. [The purchaser]'s argument fails. . . . [T]he [Federal Foreclosure Bar] patently modifies the conduct of a party seeking to foreclose upon or sell FHFA property. Therefore, a theoretical deprivation of due process under [the Federal Foreclosure Bar] involving an HOA foreclosure sale[] would implicate the potential seller, or the foreclosing HOA, and not the buyer. Accordingly, [the purchaser] articulates no risk of erroneous deprivation of a buyer's interest under the statute's procedures, and any additional procedures so providing would burden the government's interest, as codified in the Federal Foreclosure Bar, in protecting the Enterprises' assets from foreclosure. We are not persuaded that the absence of an explicit procedural avenue through which a possible buyer may obtain, from FHFA, consent to a foreclosure sale by an HOA constitutes an impermissible lack of procedural safeguards.[64]

The Trust ignores this authority in its briefing, and its argument fails for the same reason that SFR's did.

### 5. *Bayview has standing to assert the Federal Foreclosure Bar*.

Finally, I address the Trust's argument that Bayview lacks standing to prosecute this action "because Bayview is not in possession and/or control of the original promissory note."[65] This argument disregards the numerous cases in this nuanced area of the law in which the Nevada Supreme Court and the Ninth Circuit have recognized that "the servicer of a loan owned by a regulated entity may argue that the Federal Foreclosure Bar preempts NRS 116.3116."[66] Plus, the Nevada Supreme Court held in *Daisy Trust* that a loan servicer need not produce the original promissory note in order to argue that the Federal Foreclosure Bar prevented the sale

---

[64] *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d at 1150–51 (internal citations omitted).

[65] ECF No. 63 at 14.

[66] *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017).

from extinguishing a Freddie Mac deed of trust, as long as the evidence in the record is sufficient to show that the servicer is in fact the loan servicer with authority to assert the Federal Foreclosure Bar on behalf of Freddie Mac.[67] And because such evidence exists here,[68] Bayview is not required to produce the original promissory note.

**Conclusion**

The Ninth Circuit's decisions in *Berezovsky* and *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC* provide the applicable legal principles for plaintiffs' Federal Foreclosure Bar theory. I am bound by those principles, and plaintiffs have shown through evidence not subject to genuine dispute that they are entitled to summary judgment on their quiet-title claims based on this theory. So, I grant summary judgment in favor of plaintiffs on their Federal Foreclosure Bar claims and declare that 12 U.S.C. § 4617(j)(3) prevented the 2013 foreclosure sale from extinguishing the deed of trust. Because I am granting complete quiet-title relief on this theory, I need not and do not reach the merits of, or arguments challenging, any of the plaintiffs' other quiet-title theories.[69] And because the plaintiffs'

---

[67] *Daisy Trust*, 445 P.3d at 850.

[68] *See supra* at pages 7–8.

[69] I note, without deciding, that it appears that plaintiffs would be entitled to the same declaration based on the tender of the full superpriority portion of the HOA lien because the tender in this case is materially indistinguishable from that in *Bank of America v. SFR Investments Pool 1, LLC*, in which the Nevada Supreme Court held that a nearly identical "tender cured the default as to the superpriority portion of the HOA's lien, [so] the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion. Accordingly, the HOA could not convey full title to the property, as [the] first deed of trust remained after foreclosure," so the foreclosure-sale purchaser took the property subject to the deed of trust." *Bank of America v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018). But were I to reach plaintiffs' due-process-based quiet-title claim, I would grant the HOA's motion to dismiss it (ECF No. 61 at 18) because that claim is founded upon *Bourne Valley*, which is no longer good law. *See discussion in Nationstar Mortg., LLC v. Saticoy Bay LLC*, No. 2:15-cv-01507-JAD-VCF, 2019 WL 4773772, at *3 (D. Nev. Sept. 29, 2019), which I incorporate herein.

remaining claims as pled either are contingent upon a determination that the sale extinguished the deed of trust[70] or seek a pre-judgment remedy,[71] I dismiss all remaining claims and deny the HOA's motions as moot.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment against 6364 Glenolden Street Trust **[ECF No. 61] is GRANTED in part. Summary judgment is entered in favor of the plaintiffs on their quiet-title claims based on the Federal Foreclosure Bar and on Defendant 6364 Glenolden Street Trust's counterclaim.[72]** Because 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the deed of trust during the 2013 HOA foreclosure sale, plaintiffs are entitled to a declaration that the Trust took the property subject to that interest.

IT IS FURTHER ORDERED that **all remaining claims are DISMISSED**, and the Shadow Springs Community Association's Motion to Dismiss and Motion for Summary Judgment **[ECF Nos. 48, 70] are DENIED** as moot.

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the Clerk of Court is directed to **ENTER FINAL JUDGMENT** in favor of plaintiffs

. . .

. . .

---

[70] *See* ECF No. 26 at ¶ 102 (breach of NRS 116.1113 claim), ¶ 110 (wrongful foreclosure claim).

[71] *Id*. at ¶ 114 (seeking an injunction "during the pendency of this action").

[72] Because the Trust's counterclaim rises and falls on the same theories and considerations, which the Trust has had a full opportunity to brief, I grant summary judgment on that counterclaim, too, even though the plaintiffs did not specifically ask for me to resolve that claim. *See* Fed. R. Civ. P. 56(f)(2).

Bayview Loan Servicing, LLC and the Federal Home Loan Mortgage Corporation,

**DECLARING that:**

> the deed of trust for the property located at 6364 Glenolden Street, North Las Vegas, Nevada, recorded as Instrument # 20050624-0004982 in the real property records of Clark County, Nevada, on 6/24/05, was not extinguished by the 11/20/13 foreclosure sale, so foreclosure-sale purchaser 6364 Glenolden Street Trust took the property subject to the deed of trust,

and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: November 21, 2019